UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD LUCZAK,

       Petitioner,

v.                                        Case No. 2:11-cv-396-FtM-29DNF
                                          Case No. 2:07-cr-1-FtM-29DNF
UNITED STATES OF AMERICA,

       Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #349)[1] filed on July 14, 2011 by attorney Stephen G. Murty. The government filed a Response in Opposition to Motion (Cv. Doc. #11) on October 3, 2011, and petitioner filed a Notice of Supplemental Authority (Cv. Doc. #12) on March 30, 2012. For the reasons set forth below, the motion is denied.

**I.**

For the most part, petitioner claims one or more of his former attorneys provided ineffective assistance during the trial preparation phase and the plea negotiation process, which resulted

_____

[1]The Court will make references to the dockets in the instant action and in the related criminal case throughout this opinion. The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

in a plea agreement and guilty pleas petitioner would not have otherwise entered.  The sixteen grounds raised by petitioner are summarized more specifically below.

### 1. Ground One:

Petitioner argues that counsel provided ineffective assistance during the trial preparation phase by failing to interview and track down witnesses, failing to review evidence, failing to research and understand the law and facts, and failing to file appropriate pretrial motions.  Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 2. Ground Two

Petitioner argues that counsel provided ineffective assistance during the plea process by providing improper and incorrect information regarding the effect and nature of the plea and the law and facts surrounding the determination of the sentence, by failing to explain the nature and effect of a plea on sentencing, and by failing to investigate and research sentencing issues, including the potential sentence and the impact of petitioner's criminal history.  Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and

that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 3. Ground Three

Petitioner argues that counsel provided ineffective assistance by his "overall and cumulative" failures in case preparation and all pretrial aspects, including failure to adequately prepare for trial, and advise petitioner of strategies and defenses free of conflicts of counsel. Petitioner asserts he was deprived of a fair trial due to this ineffectiveness. Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 4. Ground Four

Petitioner argues that counsel failed to hire or consult witnesses or experts to educate himself on real estate and mortgage transactions in order to understand the underlying facts supporting the Indictment. Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 5. Ground Five

Petitioner argues that counsel provided ineffective assistance because counsel induced petitioner into entering a plea of guilty by threats and pressure, leaving him with no other choice. Petitioner asserts that counsel stated that he was unprepared, that they would lose at trial, and that he was not competent to try a case in federal court. Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 6. Ground Six

Petitioner argues that Mr. Robert Meadows provided ineffective assistance because he undertook representation even though he should have known at the time of the conflict of interest hearing that reliance on co-counsel's assistance was misplaced, and while knowing that he could not adequately represent petitioner without Mr. Stone. Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 7. Ground Seven

Petitioner argues that Mr. Meadows provided ineffective assistance of counsel by advising petitioner to sign a plea agreement that contained a waiver of his rights, including his rights to make a collateral attack, which made the waiver unknowing and involuntary. Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 8. Ground Eight

Petitioner argues that attorney Robert Altchiler was ineffective based upon an actual conflict of interest. While representing petitioner, Mr. Altchiler was also counsel for the company involved in the fraudulent activities. Petitioner argues that he was prejudiced with the delay in trial preparation when it was determined that counsel could no longer proceed. Petitioner also argues that, but for counsel's ineffective assistance, he would not have ultimately entered a plea agreement that was not negotiated and contained a waiver of his due process and collateral attack rights.

### 9. Ground Nine

Petitioner argues that Mr. Meadows failed to obtain and use co-counsel, who could have assisted in providing legal services.

Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 10. Ground Ten

Petitioner argues that Mr. Meadows failed to address or did not know how to address the Motion in Limine filed by the government, and that this inability to assess the merits of the motion led to Mr. Meadows advising petitioner to enter a guilty plea without attempting to see if they could succeed on the merits of the motion.  Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 11. Ground Eleven

Petitioner argues that Mr. Meadows gave petitioner inaccurate information with regard to the entry of the plea, the sentencing guidelines, and any potential sentences that might be imposed, including what enhancements might be applied.  Petitioner argues that Mr. Meadows relied on the government agent's advice rather than his own research.  Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for

the ineffective assistance of his attorney, and that he was further prejudiced because the Plea Agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 12. Ground Twelve

Petitioner argues that Mr. Meadows breached client confidentiality by only communicating with petitioner through monitored jail phone calls because he would not drive to the jail to see him in person.  Petitioner argues he was prejudiced by the government monitoring the communications.  Petitioner also argues that counsel had him sign a plea agreement that he would never have signed but for the ineffective assistance of his attorney, and that he was further prejudiced because the plea agreement required that he waive important constitutional rights that he would not have otherwise waived.

### 13. Ground Thirteen

Petitioner argues Mr. Meadows was ineffective in failing to renew his Motion to Withdraw knowing that he was ineffective. Petitioner also argues that, but for counsel's ineffective assistance, he would not have ultimately entered into a plea agreement that was not negotiated and contained a waiver of his due process and collateral attack rights.

### 14. Ground Fourteen

Petitioner argues that the Court violated the "Sixth Amendment's [sic] Procedural and Substantive Due Process

requirements" when it failed to adequately inquire as to the issues underlying petitioner's representations, and his satisfaction with counsel.    Petitioner  also  argues  that,  but  for  counsel's ineffective assistance, he would not have ultimately entered into a Plea Agreement that was not negotiated and contained a waiver of his due process and collateral attack rights.

### 15. Ground Fifteen

Petitioner argues that his right to a fair trial was violated due to counsel's ineffectiveness, and the Court's denial of the motion  to  withdraw  and  appointment  of  new  or  co-CJA  counsel. Petitioner argues that the government was aware of Mr. Meadows's inadequacies, and should at least have advised him as to the plea waiver.    Petitioner  also  argues  that,  but  for  counsel's ineffective assistance, he would not have ultimately entered into a plea agreement that was not negotiated and contained a waiver of his due process and collateral attack rights.

### 16. Ground Sixteen

Petitioner  argues  that  Mr.  Meadows  was  ineffective  for failing  to  take  advantage  of  available  resources  like  an investigator or expert in light of his appointment as CJA counsel so that he could adequately prepare for trial.  Petitioner also argues that, but for counsel's ineffective assistance, he would not have ultimately entered into a Plea Agreement that was not negotiated and contained a waiver of his due process and collateral attack rights.

For the reasons set forth below, none of these sixteen grounds have merit, and the § 2255 motion is denied.

## II.

The underlying criminal case was initiated on December 13, 2006, by the filing of a Complaint (Cr. Doc. #3) against Ronald Luczak (petitioner or Luczak), Lisa Luczak, Nelson Alex Gonzalo, Patricia Martin, and Sandra Mainardi.  On December 14, 2006, attorney Robert Y. Altchiler of New York was granted *pro hac vice* status for the initial appearance, and represented petitioner for the initial hearing and a detention hearing.  (Cr. Docs. ## 5, 39.)  On December 21, 2006, Mr. Altchiler moved for admission as *pro hac vice* counsel and designated Hugo A. Rodriquez as local counsel for petitioner.  (Cr. Docs. #43, 44, 98.)  The motion was granted the same day.  (Cr. Doc. #46.)

On January 3, 2007, a federal grand jury in Fort Myers, Florida returned a four-count Indictment (Cr. Doc. #56) charging Luczak and others with a fraud conspiracy and money laundering. Mr. Altchiler continued to represent petitioner.

On May 23, 2007, both Mr. Altchiler and Mr. Rodriguez filed an Unopposed Motion to Withdraw.  (Cr. Doc. #121.)  The motion asserted that case developments and discovery revealed a serious conflict in their continued representation of petitioner.  It was represented that the government agreed that a conflict existed. On May 25, 2007, the motion to withdraw was granted, and petitioner

was directed to file a financial affidavit for appointment of counsel. (Cr. Doc. #123.)

On June 4, 2007, after review of petitioner's financial affidavit, the Court appointed attorney Scott Lyon Robbins as counsel. (Cr. Doc. #127.) Mr. Robbins filed a Notice of Appearance (Cr. Doc. #129) and began his representation of petitioner.

Petitioner then retained counsel, and on July 9, 2007, attorney Robert E. Stone filed a Notice of Appearance as Counsel (Cr. Doc. #141). Mr. Stone spent considerable efforts attempting to set aside petitioner's detention order. (Cr. Docs. ## 152, 158, 161, 163.)

On February 6, 2008, attorney Robert Bruce Meadows filed a notice of appearance as retained counsel on behalf of petitioner. (Cr. Doc. #169.) At a February 11, 2008 status conference, Mr. Meadows and the prosecutor (and counsel for the co-defendants) informed the Court that the parties anticipated the case being ready for trial for the June 2008 trial term. (Cr. Doc. #173.)

On March 5, 2008, Mr. Stone filed a Notice of Appearance as Counsel (Cr. Doc. #176) on behalf of petitioner's co-defendant and wife, Lisa Luczak, and the government filed a Motion to Determine Conflict of Interest (Cr. Doc. 177). The Magistrate Judge conducted a Garcia[1] hearing to address the matter. (Cr. Doc.

---

[1] United States v. Garcia, 517 F.2d 272 (5th Cir. 1975), abrogated in part by Flanagan v. United States, 465 U.S. 259, 263 (1984).

#186.)  Mr. Stone stated that he and Mr. Meadows had been in the same law firm, but now had separate practices.  Mr. Stone stated that he had never discussed any detailed facts about the case with petitioner, and most of the meetings had been conducted by Mr. Meadows.  (Cr. Doc. #186, pp. 9-10.)  Mr. Meadows agreed with this, stating that he had been at every meeting with petitioner to discuss possible defenses and that he, not Mr. Stone, had been privy to the material information as to the evidence in the case.  (Id. at 11.)  Both Mr. Meadow and Mr. Stone stated that petitioner was willing to sign a written waiver, and Mr. Stone stated that he had discussed the matter at length with petitioner.  (Id.)  Petitioner told the Magistrate Judge that he understood "completely" and was willing to waive the attorney-client privilege as to information shared with Mr. Stone.  (Id. at 11-12.)  After the necessary waivers were filed, Mr. Stone was permitted to withdraw as counsel for petitioner and to represent Lisa Luczak.  (Cr. Docs. ## 186, 187-88, 190.)  Mr. Meadows continued his representation of petitioner.

On May 7, 2008, a Superseding Indictment (Cr. Doc. #193) was filed, and on July 25, 2008, it was amended without objection to correct a Scrivener's error.  (Cr. Doc. #227.)  The Amended Superseding Indictment (Cr. Doc. #193-2) charged petitioner with: wire fraud, in violation of 18 U.S.C. §§ 1343 and 2 (Counts One through Six); money laundering, in violation of 18 U.S.C § 1956(a)(1)(A)(i) (Counts Seven and Eight); and prohibited monetary

transactions, in violation of 18 U.S.C. §§ 1957 and 2 (Counts Nine through Fifteen).  Petitioner, represented by Mr. Meadows, waived his presence for arraignment on the Superseding Indictment and entered a plea of not guilty.  (Cr. Docs. ## 205, 207.)  At a May 12, 2008, status conference, petitioner and other co-defendants moved to continue the trial date, which motion was granted and the case was placed on the September 2008 trial calendar.  (Cr. Doc. #209.)

On July 10, 2008, Mr. Meadows filed a motion to withdraw as counsel, asserting that did not have the financial resources necessary to handle the case and did not think he could handle his first federal case as lead counsel after the withdrawal of Mr. Stone.  (Cr. Doc. #220.)  At an August 1, 2008 hearing, Mr. Meadows expressed his concerns to the Magistrate Judge.  Petitioner then stated that "I feel unequivocally, after dealing with this situation for two years and dealing with lawyers for the past ten years, that Mr. Meadows could represent me effectively."  (Cr. Doc. #309, p. 4.)  Petitioner went on to say that "Mr. Meadows continued to do the job, continued to work with me, and from what I've learned, being the main person in this case, I believe Mr. Meadows can represent me properly."  (Id. at 5.)  Petitioner summed up by saying that "I do believe unequivocally, Mr. Meadows, even though he may be unsure of himself, I'm sure that he can do it.  I've dealt with a few attorneys on this now and I really - - you know, I'd like to proceed this way, Your Honor."  (Id.)  The

- 12 -

Magistrate Judge denied the motion to withdraw but appointed Mr. Meadows as CJA counsel. (Cr. Docs. ## 229, 231.) The Order (Cr. Doc. #231) stated in part:  "The Court also heard from the defendant.  Mr. Luczak advised the Court that he did not want his attorney to be relieved of representation and strongly felt the Mr. Meadows would be able to adequately represent him.  The defendant also expressed his desire for a trial in the near future." (Cr. Doc. #231, p. 1.)

At an August 11, 2008 status conference, a jury trial was scheduled for September 16, 2008. (Cr. Doc. #236.)  On August 21, 2008, Mr. Meadows filed a Motion to Continue Trial (Cr. Doc. #244), which motion was denied on August 27, 2008.  (Cr. Doc. #246.) Also on August 27, 2008, petitioner filed a Motion for Extension of Time to Enter Plea of Guilty (Cr. Doc. #247) seeking an extension of the plea cutoff time until September 4, 2008.  This motion was granted, although the plea cutoff was extended until September 11, 2008.  (Cr. Doc. #249.)

On September 3, 2008, upon motion of the government, Count Two of the Amended Superseding Indictment was dismissed as to all defendants.  (Cr. Doc. #252.)

On September 10, 2008, petitioner signed a Plea Agreement (Cr. Doc. #266) in which he agreed to plead guilty to Counts One, Seven, and Nine, and to pay restitution.  The Plea Agreement required that the government dismiss all other charges and the underlying Indictment; not file further charges for any other

offenses known to the government at the time; recommend that petitioner be sentenced within the sentencing guidelines range; and recommend a two level downward adjustment for acceptance of responsibility.  The Plea Agreement, among other things, set forth the elements and penalties for the offenses, provided for petitioner to provide substantial assistance to the government, and contained a Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence provision, which stated in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, **except** (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

(Cr. Doc. #266, p. 13) (emphasis in original).  The Plea Agreement further provided that petitioner was entering into the agreement, and pleading guilty, freely and voluntarily, and without threats, force, intimidation, or coercion of any kind.  (<u>Id.</u> at 13-14.)

Petitioner admitted his guilt, and admitted four pages of facts. (Id. at 15-19.)

On September 10, 2008, while represented by Mr. Meadows, petitioner appeared before the Magistrate Judge for purposes of entering his guilty pleas. Petitioner took an oath to tell the truth (Cr. Doc. #310, p. 2), and answered the court's biographical questions (id. at 3-4). Petitioner stated that he had read the Superseding Indictment, understood the charges in it, reviewed the charges with his attorney, had had enough time to discuss the charges with is attorney, and was "absolutely" satisfied with counsel's services. (Id. at 4-5.) The Magistrate Judge found no issues as to petitioner's competency to enter a plea, and found him competent to do so. (Id. at 5.) Petitioner stated that nothing wrong or unfair had been done to make him plead guilty, that no threats, coercion, or improper pressure were applied to make him plead guilty, and that he was pleading guilty because he was guilty. (Id. at 5.)

Petitioner personally examined the Plea Agreement and affirmatively stated that he had initialed each page and signed the end of the agreement. (Id. at 6.) Petitioner acknowledged that he had read the Plea Agreement and discussed it with his attorney before signing it, and had authorized his attorney to have discussion with the government attorney to seek a plea agreement. (Id., pp. 6-7.) Petitioner stated that he understood the Plea Agreement and that the Court was not bound by any

recommendations as to the sentence or application of the sentencing guidelines.  (Id. at 7.)  Petitioner also stated that he understood he could not withdraw his plea of guilty if the Court did not follow any sentencing recommendations or the sentencing guidelines. (Id., p. 7.)  Petitioner assured the court that the Plea Agreement contained all the promises made in the case, and that no other promises had been made to him. (Id. at 8.)

The Magistrate Judge explained the counts to which petitioner was pleading guilty, the maximum penalties each count carried, and that restitution was applicable. (Id. at 8-9.)  Petitioner told the Magistrate Judge that he had discussed with his attorney how the Sentencing Guidelines might apply to him and the various considerations which go into determining the guideline range, including his criminal history. (Id. at 9-10.)  Petitioner stated that he was aware that he could be facing anywhere between 0 and 50 years. (Id., p. 11.)  The Magistrate Judge called petitioner's attention to the sentence waiver provision of the Plea Agreement, and explained that it stated that he expressly waived the right to appeal his sentence or to challenge it collaterally on any ground, except in three circumstances. (Id., pp. 11-12.)  Petitioner stated he understood this, and had made the provision knowingly and voluntarily. (Id., p. 12.)

The Magistrate Judge went on further to explain to petitioner his right not to plead and to proceed to trial before a jury, and the other associated rights, including the right to testify or not

to testify, and the civil rights that would be lost as a result of pleading guilty, all of which petitioner acknowledged. (<u>Id.</u>, pp. 13-15.) The Magistrate Judge further explained the counts, the elements for each count, and the penalties. (<u>Id.</u> at 15-17.) Petitioner specifically admitted to the factual elements of each count, and reiterated that he was would like to freely and voluntarily plead guilty to Counts 1, 7, and 9. (<u>Id.</u> at 17-21.) The Magistrate Judge asked petitioner "Is there anything you want to tell me or ask me or your attorney that bears on your decision to plead guilty that we haven't already covered in this proceeding?", to which petitioner responded "No, Your Honor." (<u>Id.</u>, p. 21.) The pleas were accepted and found to be knowingly, intelligently, and voluntarily made. (<u>Id.</u>, p. 22.) The Magistrate Judge filed a written recommendation that defendant's guilty pleas be accepted. (Cr. Doc. #268.)

The Court accepted petitioner's guilty plea on September 11, 2008, and scheduled sentencing. (Cr. Doc. #273.) Mr. Meadows's motion to continue sentencing (Cr. Doc. #279) was granted. (Cr. Doc. #280.)

On February 12, 2009, prior to sentencing, attorneys Stephen G. Murty and Jack R. Maro filed a joint Notice of Appearance (Cr. Doc. #285) and a Motion to Continue Sentencing (Cr. Doc. #286) on behalf of petitioner. The Court held a hearing on the request for substitution of counsel, and thereafter permitted the substitution of counsel (Cr. Docs. ## 288, 291) and continued the sentencing

(Cr. Doc. #292). Mr. Maro filed an additional Notice of Appearance as Co-Counsel for Ronald D. Luczak (Cr. Doc. #293) after the appearance was permitted.

On March 13, 2009, the government filed a Motion for Downward Departure Based Upon Substantial Assistance (Cr. Doc. #294) and on April 6, 2009, an Amended Sentencing Memorandum (Cr. Doc. #300) was filed.

On April 13, 2009, the day before sentencing, petitioner filed a Motion to Withdraw Guilty Plea (Cr. Doc. #304) arguing ineffective assistance of counsel, that the guilty pleas were not knowingly and voluntarily entered, and that he was innocent of the charges. The government filed a Response (Cr. Doc. #311). On May 28, 2009, the Court issued an Opinion and Order (Cr. Doc. #314) denying the motion. After setting forth the procedural history of the case and the applicable legal principles, the Court summarized the discussions from the prior motion to withdraw and the detailed guilty plea colloquy between the Magistrate Judge and petitioner. The Court found that petitioner had the close assistance of counsel in deciding to enter his pleas and that the record established the guilty pleas were knowing and voluntarily entered.

On June 30, 2009, the Court sentenced petitioner to concurrent terms of imprisonment of 212 months as to Counts One and Seven, and fifty-two months as to Count Nine to be served consecutively to the terms of imprisonment for Counts One and Seven, followed by

a concurrent term of supervised release of thirty-six months. (Cr. Docs. ## 320, 323.)   Petitioner was ordered to pay the standard special assessments and restitution in the amount of $5,966,125.65 (jointly and severally with his co-defendants). (Cr. Doc. #323.)   Judgment (Cr. Doc. #323) was filed on July 2, 2009.

Petitioner filed a Notice of Appeal (Cr. Doc. #325) on July 15, 2009.   On March 9, 2010, the Eleventh Circuit Court of Appeals affirmed the convictions and sentences.   United States v. Luczak, 370 F. App'x 3 (11th Cir. 2010)(per curiam); (Cr. Doc. #343). Petitioner did not file a petition for Writ of certiorari with the United States Supreme Court.   The Court agrees with the government that the § 2255 petition was timely filed.   (Cv. Doc. #11, p. 8.)

### III.

#### A.   Evidentiary Hearing

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . . " 28 U.S.C. § 2255(b).   "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (internal quotation marks and citation omitted).   See also Winthrop-Redin v. United States, ____ F.3d ____, 2014 WL 4699391, *4 (11th Cir. Sept. 23, 2014).   However, a "district court is not

- 19 -

required to hold an evidentiary hearing where the petitioner's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." <u>Aron</u>, 291 F.3d at 715. <u>See also</u> <u>Gordon v. United States</u>, 518 F.3d 1291, 1301 (11th Cir. 2008). Here, even when the facts are viewed in the light most favorable to petitioner, the record establishes that petitioner received effective assistance of counsel and that none of his sixteen grounds have merit. Therefore, the Court finds that an evidentiary hearing is not warranted in this case.

**B.   Ineffective Assistance of Counsel Principles**

The legal standard for ineffective assistance of counsel claims in a habeas proceeding is well established. To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must demonstrate both that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness, and (2) prejudice resulted because there is a reasonable probability that, but for the deficient performance, the result of the proceeding would have been different. <u>Hinton v. Alabama</u>, 134 S. Ct. 1081, 1087-88 (2014) (citing <u>Strickland v. Washington</u>, 466 U.S. 668, 687, 694 (1984); <u>Padilla v. Kentucky</u>, 559 U.S. 356, 366 (2010)).

The proper measure of attorney performance is simply reasonableness under prevailing professional norms considering all the circumstances. <u>Id.</u> at 1088. A court must "judge the reasonableness of counsel's conduct on the facts of the particular

case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690). This judicial scrutiny is highly deferential, and the Court adheres to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689-90. To be objectively unreasonable, the performance must be such that no competent counsel would have taken the action. Rose v. McNeil, 634 F.3d 1224, 1241 (11th Cir. 2011); Hall v. Thomas, 611 F.3d 1259, 1290 (11th Cir. 2010).

To establish prejudice under Strickland, petitioner must show more than that the error had "some conceivable effect on the outcome of the proceeding." Marquard v. Sec'y for the Dep't of Corr., 429 F.3d 1278, 1305 (11th Cir. 2005) (quotation marks omitted). Rather, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Hinton, 134 S. Ct. at 1089. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. (quoting Strickland, 466 U.S. at 694) (internal quotation marks and citations omitted).

These legal principles apply not only in a trial context, but also when the case is resolved by a guilty plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Further, a defendant in a criminal case is entitled to effective assistance of counsel during plea negotiations. Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012). In

- 21 -

the context of guilty pleas, petitioner must show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Lafler, 132 S. Ct. at 1384-1385 (quoting Hill, 474 U.S. at 59). Petitioner "must show both deficient performance by counsel and prejudice." Premo v. Moore, 131 S. Ct. 733, 739 (2011)(quoting Knowles v. Mirzayance, 129 S. Ct. 1411, 1419 (2009)). If petitioner makes an insufficient showing on the either prong, the court need not address the other prong. Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

**IV.**

For each ground of ineffective assistance of counsel, petitioner argues that he suffered prejudice by being virtually compelled to plead guilty pursuant to a Plea Agreement containing an invalid provision that waived his right to appeal, and to collaterally challenge certain matters, when he would not have entered a guilty plea if his attorney had provided effective assistance. The government, on the other hand, asserts that all the issues raised in the § 2255 petition have been waived by the appeal waiver provision of the Plea Agreement. (Cv. Doc. #11, pp. 8-10.) Although the waiver provision is valid and does waive certain issues, the Court concludes that it does not waive most of the issues raised in this § 2255 motion. Most of the other issues are procedurally defaulted, however, and the record also establishes that petitioner was not prejudiced by any of the

conduct of which he now complains.  Therefore petitioner's claims of ineffective assistance of counsel are without merit.

### A.   Waiver-of-Collateral-Review Provision

An appeal waiver provision in a plea agreement is valid if made knowingly and voluntarily.  United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001) (citing United States v. Bushert, 997 F.2d 1343, 1350-51 (11th Cir. 1993)).  To establish that the waiver was made knowingly and voluntarily, the government must show that either (1) the district court specifically questioned the defendant about the waiver during the plea colloquy, or (2) the record makes clear that the defendant otherwise understood the full significance of the waiver.  United States v. Johnson, 541 F.3d 1064, 1066 (11th Cir. 2008).  The Eleventh Circuit has "consistently enforced knowing and voluntary appeal waivers according to their terms."  United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006).  A valid sentence-appeal waiver will also preclude a collateral attack of a sentence on the basis of ineffective assistance of counsel during the sentencing process. Williams v. United States, 396 F.3d 1340, 1342 (11th Cir. 2005).

As set forth above, the Waiver of Right to Appeal and Right to Collaterally Challenge the Sentence provision of the Plea Agreement stated in pertinent part:

> The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it

> collaterally on any ground, including the
> ground that the Court erred in determining the
> applicable guidelines range pursuant to the
> United States Sentencing Guidelines, **except**
> (a) the ground that the sentence exceeds the
> defendant's applicable guidelines range <u>as
> determined by the Court</u> pursuant to the United
> States Sentencing Guidelines; (b) the ground
> that the sentence exceeds the statutory
> maximum penalty; or (c) the ground that the
> sentence violates the Eighth Amendment to the
> Constitution; provided, however, that if the
> government exercises its right to appeal the
> sentence imposed, as authorized by Title 18,
> United States Code, Section 3742(b), then the
> defendant is released from his waiver and may
> appeal the sentence as authorized by Title 18,
> United States Code, Section 3742(a).

(Cr. Doc. #266, p. 13) (emphasis in original).  The Magistrate

Judge specifically called this provision to petitioner's attention

during the guilty plea colloquy, explained the provision, asked

petitioner if he understood it, and elicited that petitioner had

made this provision knowingly and voluntarily.  The record clearly

establishes that the waiver of the right to collaterally challenge

petitioner's sentence was entered knowingly and voluntarily, and

is thus valid and enforceable.

Such a waiver provision, however, is only enforced according

to its terms.  <u>Bascomb</u>, 451 F.3d at 1294.  The waiver provision

in this case precludes an appeal or collateral challenge to

"defendant's sentence".  Since by law this includes ineffective

assistance of counsel claims relating to the sentence, petitioner

has waived those portions of Grounds Seven and Eleven.

The other issues in this § 2255 motion do not relate to

petitioner's sentence, and therefore do not fall within the scope

- 24 -

of the waiver provision.  The Court is persuaded by <u>Cowart v. United States</u>, 139 F. App'x 206 (11th Cir. 2005) and <u>Patel v. United States</u>, 252 F. App'x 970 (11th Cir. 2007), both of which held that a valid sentence appeal waiver provision does not waive a defendant's ability to challenge the validity of the guilty plea or ineffective assistance of counsel in connection with a plea agreement and guilty plea.

**B.  Procedural Default to Challenge to Guilty Pleas**

On direct appeal, petitioner argued that the district court abused its discretion by denying a motion to continue trial to allow counsel to adequately prepare, and abused its discretion by denying his motion to withdraw his guilty plea without an evidentiary hearing.  The Eleventh Circuit stated:

> The Magistrate Judge conducted an extensive Rule 11 hearing to ensure that Luczak's guilty plea was knowing and voluntary. At that hearing, Luczak pronounced himself "absolutely" satisfied with his attorney's representation. He acknowledged that counsel had explained the sentencing guidelines to him, that he was aware that the court could impose any sentence up to the statutory maximum, and that he would not be allowed to withdraw his plea if his attorney's predictions about the sentencing range proved inaccurate. He also admitted that he was in fact guilty of the offenses to which he pleaded.

<u>United States v. Luczak</u>, 370 F. App'x 3, 4 (11th Cir. 2010).  The Eleventh Circuit went on to find that the district court was entitled to presume that petitioner's earlier statements under oath were true, that there was no abuse in discretion in finding that petitioner "was competently represented and that his plea was knowing and voluntary," and there was no need for the district

court to hold an evidentiary hearing after the Magistrate Judge's inquiries.  Luczak, 370 F. App'x at 5.  Petitioner is procedurally barred from re-litigating the validity of his guilty plea in this §2255 proceeding because he already raised that issue in his direct appeal.  Stoufflet v. United States, 757 F.3d 1236 (11th Cir. 2014).

### C.   Lack of Prejudice

Petitioner argues in most of his other grounds that various actions or inactions by his attorney caused him prejudice because his guilty pleas were not made knowingly and voluntarily.  Even if his challenge to the guilty pleas is not procedurally barred, the record establishes that his guilty pleas were validly entered.

The legal principles applicable to a guilty plea are well established.  "A guilty plea is more than a confession which admits that the accused did various acts. [ ] It is an admission that he committed the crime charged against him. [ ] By entering a plea of guilty, the accused is not simply stating that he did the discrete acts described in the indictment; he is admitting guilt of a substantive crime."  United States v. Broce, 488 U.S. 563, 570 (1989) (internal quotation marks and citations omitted).  For this reason, the United States Constitution requires that a guilty plea must be voluntary, and a defendant must make the related waivers knowingly, intelligently, and with sufficient awareness of the relevant circumstances and likely consequences.  United States v. Ruiz, 536 U.S. 622, 629 (2002); Hill v. Lockhart, 474 U.S. at 56;

Henderson v. Morgan, 426 U.S. 637, 645 (1976).   A criminal defendant who pleads guilty waives all non-jurisdictional defects in the proceedings, but may nonetheless attack the voluntary and knowing nature of the guilty plea, which may include ineffective assistance of counsel claims which go to the knowing and voluntary nature of the plea.   Tollett v. Henderson, 411 U.S. 258, 267 (1973); Wilson v. United States, 962 F.2d 996, 997 (11th Cir. 1992); United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986).

To be voluntary and knowing, (1) the guilty plea must be free from coercion; (2) the defendant must understand the nature of the charges; and (3) the defendant must know and understand the consequences of his guilty plea.   United States v. Mosley, 173 F.3d 1318, 1322 (11th Cir. 1999).   Rule 11 explicitly directs the court not to accept a plea without determining these "core concerns."   Therefore, on review, the court is "warranted in regarding the court's acceptance of the plea as a positive finding on each [component of the Rule]."   United States v. Buckles, 843 F.2d 469, 473 (11th Cir. 1988).

The Court applies a strong presumption that statements made under oath during a plea colloquy are truthful. United States v. Medlock, 12 F.3d 185, 187 (11th Cir. 1994).   Consequently, petitioner bears a heavy burden to show a statement made under oath at a plea colloquy was false. United States v. Rogers, 848 F.2d 166, 168 (11th Cir. 1988).   Petitioner simply has not done

so.   Petitioner's representations continue to be at odds with his prior representations and his prior testimony under oath.   The Court finds that petitioner freely, voluntarily, knowingly, and intelligently entered his guilty pleas, and has not established any prejudice in connection with the entry of his guilty pleas.

Additionally, the Court finds that petitioner failed to establish prejudice in connection with his claims in Ground Eight regarding attorney Robert Altchiler.   Petitioner asserts that Mr. Atchiler had a conflict of interest due to the fact that he was an advisor to the petitioner and the company involved in this case. Mr. Altchiler was allowed to withdraw almost a year before the Superseding Indictment was even filed, and had nothing to do with petitioner's decision to plead guilty.   Defendant suffered no prejudice from his brief representation by Mr. Altchiler.

**V.**

In his only claim not based on ineffective assistance of counsel, petitioner claims that the Court did not adequately question petitioner as to his satisfaction with counsel.   (Cv. Doc. #1.)   The record establishes that this claim is without merit, as the Eleventh Circuit has already determined.   As discussed above, the record contains a long history of discussion between the Court and petitioner regarding the attorneys he hired after the Court had appointed counsel.   Petitioner repeatedly stated he was satisfied with counsel and wanted him to continue to represent him.   This culminated in the question at the change of plea, "Are

you satisfied with your attorney's services for you," to which petitioner answered "'Absolutely, Your Honor.'" (Cv. Doc. #1, p. 19.)  The Eleventh Circuit quoted the same discussion and found the inquiry sufficient.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #349) is **DENIED**.

2.   Petitioner's Motion to Allow Discovery and Motion for Order to Expand Record, embedded in his §2255 motion, are **DENIED**.

3.   The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003) (citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___30th___ day of September, 2014.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
Counsel of Record